MIRIAM H. HUTCHINSON AND LEON BOMSTEIN AND CHARLES BURTON, PARTNERS TRADING AS MILFAN ASSOCIATES, PLAINTIFFS-APPELLANTS, v. DAMIN CORP., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT, AND WASHINGTON SAVINGS BANK, A BANKING CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 14, 1977—Decided November 29, 1977.

Before Judges MICHELS, PRESSLER and LORA.

*Mr. Murray Greiman* argued the cause for appellant Miriam H. Hutchinson (*Mr. Solomon Lubow,* attorney; *Mr. Michael F. Reilly,* on the brief).

*Mr. Michael F. Reilly* argued the cause for appellants Leon Bomstein and Charles Burton, partners trading as Milfan Associates.

*Ms. Bernice B. Stein* argued the cause for respondent (*Messrs. Riker, Danzig, Scherer & Debevoise,* attorneys; *Mr. Frank J. Miele,* of counsel).

PER CURIAM. Plaintiffs appeal from a summary judgment of the Chancery Division declaring that an access easement over a portion of property owned by plaintiff Miriam B. Hutchinson granted to defendant Washington Savings Bank's predecessor in title was valid and enforceable and did not require subdivision approval by the Jersey City Planning Board. Judge Kentz held that the easement did not constitute a minor subdivision within the intendment of the Municipal Planning Act (1953) (*N. J. S. A.* 40:55–1.1 *et seq.*) Therefore, compliance with the local subdivision ordinance was not required. We agree and affirm.

██ The legislative design of the Municipal Planning Act (1953) was to confer upon the municipalities the power "to enact comprehensive regulatory standards which would facilitate sound and orderly future municipal growth along preconceived lines, in short a planned community growth." *Lake Intervale Homes, Inc. v. Parsippany-Troy Hills,* 28 *N. J.* 423, 434–435 (1958). The basic motivating objective

of the 1953 Act was "to prevent deleterious future development of vacant land." *Beers v. Wayne Tp Bd. of Adj.,* 75 *N. J. Super.* 305, 313 (App. Div. 1962).

Subdivision approval is not required until the ownership of a single tract of land is to be divided. *Gulf Oil Co. v. Montanaro,* 94 *N. J. Super.* 348, 353–354 (Ch. Div. 1967). The term "subdivision" is defined by the 1953 act to mean "the division of a lot, tract, or parcel of land into two or more lots, sites or other divisions of land for the purpose, whether immediate or future, of sale or building development; * * *." The easement herein granted unrestricted use for ingress and egress of motor vehicles of a part of Hutchinson's property. This limited interest was not a division of the ownership of the property. Consequently, it did not constitute a subdivision thereof within the Municipal Planning Act (1953).

Accordingly, the judgment of the Chancery Division is affirmed.